IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| Ashley Bush<br>29 Brassie Court<br>Montgomery Village, MD 20886<br><br>       Plaintiff,<br><br>v.<br><br>Frederick County Public Schools<br>191 South East Street<br>Frederick, MD 21701<br><br>       Defendant. | Civil Action No.: 1:21-cv-1190-DLB |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FROM ATTORNEYS' FEES ARISING FROM MOTION TO COMPEL**

**NOW COMES**, Plaintiff Ashley Bush ("Ms. Bush" or "Plaintiff"), and through undersigned counsel, brings this Motion in Opposition to Defendant's, Frederick County Public Schools, ("FCPS" or "Defendant"), Motion for Attorneys' Fees Arising From Its Motion to Compel. In support of her Opposition, Plaintiff states the following:

1. As stated in ECF 63, Defendant has misrepresented Plaintiff's counsel's actions during the discovery period.

2. During the relevant discovery period, Plaintiff's counsel was under the mistaken impression that the initial discovery production that had been sent to Defendant in September 2021 via email had been received, and Plaintiff's counsel directly sent sets of responsive discovery production on October 13, 2021. See, Exh. 1, Exh. 2, and Exh 3.

3. On or about November 30, 2021, Defense counsel proposed an extension to the discovery schedule by 60-days to Plaintiff because Defendant's counsel had been (or was going to

1

be) in trial for several weeks before Judge Catherine Blake in another matter. Plaintiff's counsel consented to Defendant's request and pursuant to the proposed extension, discovery would now close on March 12, 2022. See, Exh. 4.

4. On January 4, 2022, Plaintiff's counsel was severely impacted by the sudden and tragic death of a close family member as well as her own medical issue that she had to manage, resulting in her being out of office for an extended period of time.

5. On January 17, 2022, Defendant's counsel through Ms. Liane Kozik, sent correspondence regarding deficiencies with Plaintiff's initial discovery responses. See, Exh. 5. On February 3, 2022, Defendant's counsel filed a Motion to Compel Plaintiff's discovery. ECF 32. On February 4, 2022, Plaintiff's counsel responded to Defendant's counsel's February 1, 2022 email concerning the January 17, 2022 discovery deficiency letter and advised about the tragic personal circumstances and medical condition that Plaintiff's counsel was contending with. See, Exh. 3. Plaintiff's counsel acknowledged that a Motion to Compel was filed and asserted to Ms. Kozik, *"We are certainly not trying to withhold anything or not be responsive. Given my personal circumstances, I do believe I will need to request an enlargement of time for the completion of discovery and would like your consent to do so,"* which Defendant consented to. See, Exh. 3. In response, Ms. Kozik also indicated, *"With regard to the motion to compel, we will withdraw our motion to compel if and when you fully comply with our requests---including both the written responses and the missing production."* See, Exh. 3. At that point, parties were working through the dispute and the information that was not previously received.

6. On February 17, 2022, Plaintiff's counsel attached the PDF of the discovery responses that Plaintiff's counsel believed were issued previously to Defendant and they still had

the prior September 17, 2021 date on the Certificate of Service. Exh. 3. Ms. Kozik responded that although the Certificate of Service still had the prior September 2021 date on it, they would consider it received on that day in February. On February 23, 2022, Defendant propounded its Requests for Admission which Plaintiff timely responded to March 23, 2022. Exh. 6, Exh. 7.

7. Plaintiff's counsel relied on Defendant's counsel's representations throughout the Discovery process and conducted herself accordingly. Defendant's counsel was kept well aware of Plaintiff's counsel's efforts to maintain communication and produce discovery in a timely manner.

8. Defendant now wishes to portray its Motion to Compel and deficiency letters as desperate attempts to reach Plaintiff's counsel despite the fact that Plaintiff's counsel had been in contact with Defendant's counsel and had communicated about the Motion to Compel being withdrawn—which is also why Plaintiff did not file an Opposition to it. Exh. 3, Exh. 4, and Exh. 5.

9. Defendant sent at least (2) two deficiency letters with the full knowledge that it had already communicated with Plaintiff's counsel and had been assured that Discovery would be forthcoming.

10. Plaintiff communicated with Defendant, propounded discovery that was continuing in nature, and now Defendant is seeking full payment for actions that were unnecessary in the light of ongoing communication between the parties. Plaintiff's counsel had already assured Defendant that continued responsive discovery was forthcoming and that there was no intention to create or perpetuate any delay.

11. As such, Plaintiff requests that attorneys' fees for Defendant do not include any actions taken after Plaintiff's counsel attached the PDF of the discovery responses that Plaintiff's

counsel believed were issued previously to Defendant and which Ms. Kozik responded that they would consider it received on that day (February 17, 2022). Exh. 3.

12. Further, Plaintiff requests that the fee for the Motion to Compel be reduced by fifty percent (50%) as Defendant's counsel represented to Plaintiff's counsel that it would be withdrawn in the face of further compliance.

13. Defendant has since relied on the Motion to Compel and Plaintiff's failure to respond as evidence of dilatory action despite having represented to Plaintiff's counsel that the Motion to Compel would be withdrawn in the midst of further compliance. Although discovery was continuing in nature, the Motion to Compel was not withdrawn despite Plaintiff's counsel submitting Plaintiff's discovery responses almost a week before the Court issued its order and after Ms. Kozik confirmed receipt of the discovery responses that she had at that time. Defendant's disagreement with the way in which the discovery responses were answered or the production that had been provided up to that point, does not change the good faith efforts that were made by Plaintiff and through her counsel to comply.

14. While Plaintiff acknowledges that an Order was issued providing relief to Defendant in its Motion to Compel, Defendant has incorrectly characterized circumstances of the discovery process and is requesting the payment of its full attorneys' fees as a result, which is not reasonable nor equitable given the context of the parties' communications before, during, and after Defendant's various discovery dispute filings. At no point was there ever any intention not to comply in the discovery proceedings.

**WHEREFORE**, for the foregoing reasons, Plaintiff respectfully requests that any fee award to Defendant not include any billable time taken after Plaintiff's counsel attached the PDF of the discovery responses that Plaintiff's counsel believed were issued previously to Defendant and which

Ms. Kozik responded that they would consider it received on that day (February 17, 2022). Exh. 3; and that the awarded fee for the Defendant's billable time for the drafting of the Motion to Compel be reduced by fifty percent (50%).

Dated: August 22, 2022

Respectfully submitted,

*Dionna Maria Lewis*
_____
Dionna Maria Lewis, Esq.
District Legal Group, PLLC
Bar No. 19486
700 Pennsylvania Ave, SE, Suite 2098
Washington, D.C. 20003
Phone: (202) 486-3478
Dionna@DistrictLegalGroup.com
*Counsel for Plaintiff Ashley Bush*

## CERTIFICATE OF SERVICE

      I hereby certify that on the 22nd day of August 2022, Plaintiff's Opposition to Defendant's Motion for Attorneys' Fees was sent electronically through the ECF system to Defendant's counsel of record below.

Donald E. English
Liane D. Kozik
JACKSON LEWIS P.C.
2800 Quarry Lake Drive, Suite 200
Baltimore, MD  21209
donald.english@jacksonlewis.com
liane.kozik@jacksonlewis.com
*Counsel for Defendant*

                                                /s/ Dionna Maria Lewis